**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re:  CATHOLIC BISHOP OF
NORTHERN ALASKA,

          Debtor,

_____

DEWEY GREEN and MARY READER,

          Plaintiffs-Appellants,

  v.

UNAATUQ, LLC,

          Defendant-Appellee.

No.   15-35197

D.C. No. 4:14-cv-00010-HRH

MEMORANDUM[*]

In re:  CATHOLIC BISHOP OF
NORTHERN ALASKA,

          Debtor,

_____

LOUIE GREEN, Jr.,

          Plaintiff-Appellant,
  v.

UNAATUQ, LLC,

          Defendant-Appellee.

No.   15-35205

D.C. No. 4:14-cv-00012-HRH

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Appeals from the United States District Court
for the District of Alaska
H. Russell Holland, District Judge, Presiding

Argued and Submitted August 3, 2016
Anchorage, Alaska

Before: FISHER, PAEZ, and HURWITZ, Circuit Judges.

As part of its 2010 bankruptcy proceedings, the Catholic Bishop of Northern Alaska ("CBNA"), sold Pilgrim Springs (the "Property"), to Unaatuq, LLC. As part of the sale, the bankruptcy court rejected the claims of Louis Green Sr. and his wife Nancy (the "Greens") to have adversely possessed the Property. When Unaatuq attempted to occupy the Property, Louis Green, Jr., Stacey Green, and Mary Reader (the "Claimants") refused to vacate. In this adversary proceeding, the bankruptcy court granted Unaatuq's motion to enforce the prior judgment against the Greens, and ordered the Claimants to vacate the Property in support of that prior judgment. The district court affirmed. We have jurisdiction under 28 U.S.C. § 158(d)(1), and affirm.

**1.** In response to Unaatuq's motion to enforce the prior judgment, Claimants filed a request for Rule 60(b) relief, arguing they had been denied due process in the bankruptcy proceedings because they had not been provided with actual notice of the sale of the Property. Assuming, without deciding, that Claimants were entitled to actual notice of the sale of the Property, we agree with

the district court that any error was harmless, as Claimants were allowed to present their adverse possession claims to the bankruptcy court in this adversary proceeding and the court correctly concluded that those claims fail. *See* Fed. R. Bankr. P. 9005 (incorporating Fed. R. Civ. P. 61); *In re Rosson*, 545 F.3d 764, 776 (9th Cir. 2008).

**2.** Alaska has adopted the common law by statute. Alaska Stat. § 01.10.010 ("So much of the common law not inconsistent with the Constitution of the State of Alaska or the Constitution of the United States or with any law passed by the legislature of the State of Alaska is the rule of decision in this state."); *Carter v. Broderick*, 644 P.2d 850, 853 n.1 (Alaska 1982). Under the common law, the statutory period for adverse possession did "not commence to run" during Pilgrim Springs, Ltd.'s possession of the Property as lessee. Restatement (First) of Prop. § 222 (Am. Law Inst. 1936). Any claim of adverse possession arising during the lease period could not attach to the fee simple ownership. *See* Restatement (Second) of Prop.: Landlord & Tenant § 1.2 (Am. Law Inst. 1977); 25 Am. Jur. 2d *Ejectment* § 1 (2014); 75 Am. Jur. 2d *Trespass* § 18 (2014). Even assuming Alaska provides a mechanism for CBNA to have protected its reversionary interest, *see* Alaska Stat. § 09.10.030, *Shilts v. Young*, 567 P.2d 769, 775 n.22 (Alaska 1977), Claimants have not persuaded us the Alaska Supreme Court would adopt the minority rule that such a mechanism prevents

CBNA from benefitting from tolling during the pendency of the lease. *See* 3

Thomas E. Atkinson et al., American Law of Property § 4.113 (1952).

**AFFIRMED.**